# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-285V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KIMBERLY F. FLOWERS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: June 16, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Jeremy S. McKenzie*, McKenzie & Hart, LLC, Savannah, GA, for Petitioner.

*Alec Saxe*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 13, 2020, Kimberly Flowers filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on October 26, 2018. Petition (ECF No. 1) at 1. After the parties filed briefs in response to my Order to Show Cause, I issued a decision denying entitlement on May 8, 2024. *See* Decision, dated May 8, 2024, (ECF No. 41). Petitioner moved for review of my decision (ECF No. 43), but the motion was denied. *See* Judge Vaccine Order/Opinion, dated Oct. 24, 2024 (ECF No. 47).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 11, 2025 (ECF No. 50) ("Mot."). This is Petitioner's sole such request. Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

requests attorney's fees and costs relating to the work performed by the attorneys and staff of McKenzie & Hart, LLC. Mot. at 10. Petitioner requests a total of $49,873.28 (reflecting $34,150.20 in attorney's fees, plus $15,723.08 in costs). *Id.* at 11, 14, 15. Respondent reacted to the fees request on April 29, 2025. Response, dated Apr. 29, 2025 (ECF No. 51) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. *Id.* at 2, 5. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$49,873.28**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed sufficient objective basis to entitle her to a fees and costs award. There was no dispute among the parties that Petitioner was properly diagnosed with GBS, so the primary issue to be resolved was whether Petitioner's GBS-related symptoms occurred within a medically-acceptable, post-vaccination timeframe, since she could not meet the Table's defined period for onset (3-42 days). Petitioner was unable to successfully demonstrate that her short onset was consistent with how long a vaccine-caused process leading to GBS would take. But this kind of question is often raised in flu vaccine-GBS cases, and even though I deemed it earlier in the case highly unlikely Petitioner could defend her onset as reasonable, petitioners *can* prevail on this issue (albeit in narrow circumstances)—allowing for reasonable basis to attach to the claim. And because I find no other reason to deny fees despite the claim's disposition, a final award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Jeremy S. McKenzie (Attorney)** | $364.50 | $390.00 | $399.50 | $412.00 | $434.00 | $458.00 |
| **C. Dorian Britt (Attorney)** | -- | $430.50 | $452.50 | -- | $492.00 | $500.00 |
| **Tiffany Divine (Paralegal)** | -- | $150.00 | $160.00 | -- | -- | -- |

Mot. at 49–51.

The attorneys at McKenzie & Hart, LLC, practice in Savannah, Georgia. Jeremy McKenzie has been a practicing attorney since 2006, placing him in the range of attorneys with 11–19 years' experience based on the OSM Attorney's Fee schedules.[5] *See* Mot. at 18. C. Dorian Britt has been a practicing attorney since 1998, placing him in the range of attorneys with 20–30 years' experience. *Id.* at 55. The requested rates for Messrs. McKenzie and Britt, including requested paralegal rates, not only fall within the appropriate ranges based on years of experience, but also represent the average of the pertinent rate ranges set forth by the OSM Fee Schedules. While I acknowledge the very limited experience within the Vaccine Program by counsel, I nevertheless find their requested rates reasonable, and Respondent has not raised any objection regarding such rates. Thus, I find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III.  Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 16, 2025).

*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $15,723.08 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert—David M. Simpson, M.D. Mot. at 53, 74. Dr. Simpson prepared one written report in the matter and submitted an invoice reflecting a total of $9,700.00 (billing at an hourly rate of $800.00[6] for 15.25 of work, and after receiving a retainer fee of $2,500.00). ECF No. 52-1 at 41–42. The adjusted expert rate for Dr. Simpson ($500 per hour) is reasonable, and I find the total amount of time devoted to the matter was fair as well. All other litigation-associated costs are typical in Program cases and were reasonably incurred in this matter. These costs are thus appropriately included in this award.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$49,873.28**, reflecting $34,150.20 in attorney's fees and $15,723.08 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] In her motion, Petitioner states that "[she] is mindful of recent decisions by Special Masters regarding Dr. Simpson's hourly rate." Mot. at 14. Thus, Petitioner is only requesting reimbursement for Dr. Simpson at the rate of $500.00 per hour. *Id.* The total requested amount for expenses has been adjusted accordingly.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.